Benoit was an insured under defendant-respondent's policy. Defendant-respondent agreed to defend and indemnify Benoit. Defendant-respondent's duty arose out of the allegations in McCarthy's action for personal injuries. These allegations fell within the risks covered. Defendant-respondent had a duty to defend Benoit unless the allegations in the personal injury action brought the claimed exclusions into play or defendant-respondent submitted evidentiary facts or materials by affidavit or otherwise to show prima facie this to be the fact. There is no allegation in the personal injury action so doing and the affidavit in opposition to the motion for summary judgment is silent in respect to same. Hence, no triable issue of ultimate fact was raised.

The order should be modified, on the law, to the extent of granting the branch of plaintiff's motion for summary judgment, and, as so modified, affirmed, with costs to appellant.

Stevens, P. J., Eager, Tilzer, McNally and Bastow, JJ., concur.

Order entered March 22, 1968, unanimously modified, on the law, to the extent of granting the branch of plaintiff-appellant's motion for summary judgment, and, as so modified, affirmed, with $50 costs and disbursements to appellant.

Settle order on notice.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MIGUEL LOPEZ, Appellant.— Judgment rendered March 27, 1968, unanimously affirmed. The appeal from the judgment rendered March 12, 1968, is dismissed as moot. No opinion. Concur — Capozzoli, J. P., McGivern, Markewich, Steuer and Bastow, JJ.

■ In the Matter of ALLAN KAMINSKY, Respondent, v. HOWARD R. LEARY, as Police Commissioner of the Police Department of the City of New York, et al., Appellants.— Order entered November 3, 1967 "directing a trial to determine whether or not the police commissioner acted in the proper exercise of his discretion or capriciously and arbitrarily" reversed, on the law, without costs or disbursements, and the petition dismissed. (Matter of Sheridan v. Broderick, 27 A D 2d 652; Matter of Milo v. Murphy, 22 A D 2d 1016; Matter of Delicati v. Schechter, 3 A D 2d 19.) The Police Commissioner did not state a reason for failing to appoint petitioner as a probationary patrolman after his name had been certified on three occasions. The mere allegation that petitioner was advised by an unidentified officer, knowledge of which is denied by the Police Commissioner, that certain unnamed officers would not recommend petitioner's appointment as a probationary patrolman because of the arrest records of petitioner's brothers does not raise an issue of fact requiring a trial. (Matter of Milo v. Murphy, 22 A D 2d 1016, supra.) In Milo, petitioner alleged he was passed over "solely because of the conduct of petitioner's father, to wit, James Milo." The Commissioner denied this and the petition was dismissed. The mere allegation that one was passed over because of the conduct of a relative is insufficient to raise a triable issue of fact as to the reasonableness of the Commissioner's determination. Here petitioner simply alleges that an unidentified officer stated petitioner would not be recommended for appointment. The Police Commissioner denies knowledge thereof. The rule is stated in Delicati (3 A D 2d, at p. 23): "the failure to provide particulars or a specification of reasons for the exercise of discretion in declining an appointment is not evidence of arbitrariness or capriciousness." Section 61 of the New York State Civil Service Law and section 7 of rule 4 of the Rules of the Civil Service Commission of the City of New York limit the group from which a selection may be made. The Police Commissioner has the right to select one of three persons certified for a position. He is not required to select the person graded highest on the list. Neither the refusal to appoint nor the refusal to